IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARY E. READY, Independent Administrator for the Estate of Raymond E. Ready, Deceased,** | ) ) ) ) |
| Plaintiff, | ) ) ) Civil No. **09-005-JPG** |
| v. | ) ) |
| **GRAFTON FERRY BOAT COMPANY, INC.,** | ) ) ) |
| Defendant. | ) |

## ORDER

**PROUD, Magistrate Judge**:

Before the Court are Defendant's Motion and Amended Motion to Enforce Subpoena to American Family Insurance Company & Compel Production of Documents. **(Docs. 15 & 16)**. American Family Insurance Company, which is not a party to this litigation, filed a response at **Doc. 18.** Defendant then filed a reply at **Doc. 19.**

This lawsuit arises out an accident which occurred on a ferry operated by defendant. Plaintiff's decedent was employed as a senior deckhand on the ferry. According to the complaint, on January 6, 2007, plaintiff's decedent was killed when he was struck by a vehicle on the ferry. The vehicle was owned by and was being driven by one Magdalen Koerner.

American Family Insurance Company was the liability carrier on the Koerner vehicle. Plaintiff made a claim against Koerner, which has now been settled by American Family for the $100,000.00 policy limit. **See, Doc. 16, Ex. A**. Defendant's subpoena seeks production of the American Family file relating to the claim against Koerner, including "any and all witness

1

statements, notes or memoranda reflecting or concerning witness statements, reports, releases, etc." **See, copy of subpoena, attached to Doc. 16 as Ex. B.**

American Family objects that the subpoena is overly broad and burdensome, seeks information that is protected by the attorney-client privilege, and information that is protected by the work product doctrine.

American Family argues that the attorney-client privilege extends to communications between the insured and the insurance company regarding a liability claim against the insured. American Family argues that both Illinois (situs of the accident) and Missouri (residence of Ms. Koerner) extend the attorney-client privilege to communications between the insured and the insurer.

Defendant observes, correctly, that federal, not state law, governs the scope of privilege in this case. **Fed.R.Evid. 501.** Defendant goes on to argue that federal law does not extend the protection of the attorney-client privilege to insured-insurer communications. This Court disagrees.

Both defendant and American Family cite *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corporation*, 5 F. 3rd 1508 (D.C. Cir., 1993). Laying aside the fact that the case is not authoritative precedent here, that case, in fact, supports American Family's position. Defendant is correct in that the D.C. Circuit rejected "any sweeping general notion that there is an attorney-client privilege in insured-insurer communications." *Linde Thomson*, 5 F. 3rd at 1515. However, American Family correctly points out that the D.C. Circuit did recognize that some insured-insurer communications are protected by the attorney-client privilege; the court noted that the attorney-client privilege extends to communications with

persons employed by the attorney to assist in rendering legal services, and to "reports of third parties made at the request of the attorney or client where the purpose of the report was to put in usable form information obtained from the client." **Id., at 1514 (internal citations omitted)**. The court went on to observe that "Certainly, where the insured communicates with the insurer for the express purpose of seeking legal advice with respect to a concrete claim, or for the purpose of aiding an insurer-provided attorney in preparing a specific legal case, the law would exalt form over substance if it were to deny application of the attorney-client privilege." **Id., at 1515.** Similarly, some documents in the file could fall within the protection of the work product doctrine: "some insured-insurer communications obviously could surmount the considerable restrictions of the [work product] doctrine to merit protection." **Id., at 1516.** See also, *Logan v. Commercial Union Insurance Company*, **96 F.3d 971, 976-966 (7th Cir. 1996)**, in which the Seventh Circuit recognizes that documents prepared by an insurance company because of "some articulable claim, likely to lead to litigation" are protected work product.

Defendant cites some district court cases for the proposition that the work product doctrine only applies to persons or entities who are parties to the litigation in which production is sought. **See, Doc. 16, p. 4.** Those cases are not precedential. *Harzewski v. Guidant Corporation*, **489 F.3d 799, 806 (7th Cir. 2007)**. However, the Seventh Circuit has held that the protection "endures after termination of the proceedings for which the documents were created, especially if the old and new matters are related." *Hobley v. Burge*, **433 F.3d 946, 949 (7th Cir. 2006).**

Defendant also cites *8 Federal Practice & Procedure, Wright & Miller §2024* for the proposition that the work product doctrine cannot be claimed by American Family because it is

not a party to this litigation. However, *Wright & Miller* go on to note in that very section that "Fortunately the courts need not be confined by a literal reading of Rule 26(b)(3) and can continue to arrive at sensible decisions on this narrow point. To the extent that Rule 26(b)(3), literally read, seems to give insufficient protection to material prepared in connection with some other litigation, the court can vindicate the purposes of the work-product rule by the issuance of a protective order under Rule 26(c)."

This Court concludes that at least some of the materials in the insurance company's file are likely to be protected by the attorney-client privilege, and/or the work product doctrine. Further, some of the materials may well be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

For the foregoing reasons, Defendant's Motion and Amended Motion to Enforce Subpoena to American Family Insurance Company & Compel Production of Documents **(Docs. 15 & 16)** are **DENIED without prejudice**, as follows:

1.  American Family is ordered to serve a privilege log on defendant pursuant to Fed.R.Civ.P. 45(d)(2) on or before **October 27, 2009.**

2.  Defendant may thereafter move for the enforcement of the subpoena as to specific documents described in the log, no later than **November 17, 2009.**

**IT IS SO ORDERED.**

**DATE:  October 8, 2009.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
